IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RENA D. STINSON, #234171,           )
                                    )
        Petitioner,                 )
                                    )
                                    )    CASE NO. 2:10-CV-66-MHT
                                    )
STATE OF ALABAMA, et al.,           )
                                    )
        Respondents.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Rena D. Stinson on January 25, 2010.  In this petition, Stinson challenges convictions for theft of property imposed upon her by the Circuit Court of Montgomery County, Alabama on August 23, 2005.  At the time Stinson filed this petition, she was serving the probationary term of her sentences.  Stinson seeks reversal of her convictions and a new trial on each of the theft charges lodged against her.

## II.  DISCUSSION

The court recently obtained credible information indicating that Stinson died on December 22, 2011.  Based on this information, the court entered an order allowing the parties an opportunity to show cause why this case should not be dismissed "as it appears there is no live controversy necessary to sustain jurisdiction of this matter...." *Order of*

*September 11, 2012 - Doc. No. 37.*  The court has received no response to this order.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Commission v. Geraghty*, 445 U.S. 388, 395-396, 100 S.Ct. 1202, 1208 (1980).

> Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971), and confines them to resolving "'real and substantial controvers [ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Ibid.* (quoting *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)). This case-or-controversy requirement subsists through all stages of federal judicial proceedings.... To sustain our jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed.... *Deakins, supra,* 484 U.S., at 199, 108 S.Ct., at 528; *Steffel v. Thompson,* 415 U.S. 452, 459, n. 10, 94 S.Ct. 1209, 1216, n. 10, 39 L.Ed.2d 505 (1974). The parties must continue to have a "'personal stake in the outcome'" of the lawsuit, *Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (quoting *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)).

*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990).

The jurisdiction of this court to adjudicate the instant habeas petition depends upon "the ***continuing*** existence of a live and acute controversy."  *Steffel*, 415 U.S. at 459 (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the [action] is filed." *Id*. at n.10 (citations omitted).  A case becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome.  *Weinstein v.*

*Bradford*, 423 U.S. 147 (1975); *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (trial court lacks subject matter jurisdiction if controversy is moot).  "[F][ederal courts may not 'give opinions upon moot questions or abstract propositions[.]'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted).  The mootness issue may be raised by the court. *Donovan v. Air Transport, Dist. Lodge No. 146, International Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 754 F.2d 621, 624 (5th Cir. 1985).

In light of the foregoing, the court concludes that Stinson's death renders the instant habeas petition moot.  *Garceau v. Woodard*, 399 F.3d 1101 (9th Cril 2005) ("Because petitioner's death renders this case moot, the petition for writ of habeas corpus should be dismissed as moot."); *Knapp v. Baker*, 509 F.2d 922 (5th Cir. 1975); *United States ex rel. Lynch v. Fay*, 284 F.2d 301 (1960); *Hann v. Hawk*, 205 F.2d 839 (8th Cir. 1953); *In re Kravitz*, 504 F.Supp. 43 (M.D Pa. 1980) ("Neither the stigma of a ... conviction nor the pecuniary loss to [petitioner's] estate invest the deceased habeas applicant's collateral challenge to the validity of [her] conviction with the 'live controversy' necessary to sustain this court's limited subject-matter jurisdiction.").

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Rena D. Stinson be DENIED and this case DISMISSED as moot on the basis that the petitioner is deceased.

It is further

ORDERED that on or before October 17, 2012 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of October, 2012.


 /s/ Terry  F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

4